Opinion filed August 31,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00044-CR 

                                                    __________

 

                                   MIGUEL
CHATMAN, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 238th District Court

 

                                                          Midland
County, Texas

 

                                                   Trial
Court Cause No. CR35769

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

Miguel
Chatman appeals his conviction by a jury of the offense of murder.  The jury
assessed his punishment at seventy-five years in the Texas Department of
Criminal Justice, Institutional Division, and a fine of $10,000.  We affirm.

Chatman
was first arrested on the charges in this case in Roby, Texas, and was placed
in the Fisher County jail.  Chatman allegedly made various telephone calls
while in that jail.  He was later transferred to the Midland County jail.  The
State also claims that he made telephone calls from that jail also.  Calls from
the Fisher County jail, as well as calls from the Midland County jail, were
recorded.  The trial court admitted into evidence CDs that purportedly
contained excerpts from those calls.  In a single issue, Chatman contends that
the trial court abused its discretion when it admitted those CDs into evidence.

The
requirement of authentication or identification as a condition precedent to
admissibility is satisfied by evidence sufficient to support a finding that the
matter in question is what its proponent claims.  Tex. R. Evid. 901(a).  Rule 901 includes illustrative and
non-exhaustive examples of authentication or identification conforming with the
requirements of the rule.  Rule 901(b).  Evidence can be authenticated or
identified by distinctive characteristics and the like, as well as by
appearance, contents, substance, internal patterns, or other distinctive
characteristics, taken in conjunction with circumstances. Rule 901(b)(4). A
voice can be identified, whether heard firsthand or through mechanical or
electronic transmission or recording, by opinion based upon hearing the voice
at any time under circumstances connecting it with the alleged speaker.  Rule
901(b)(5).

Ray
Weatherby, a sergeant in the Midland County Sheriff’s Department, testified
that the Midland County jail has a recording system to record phone calls.  He
related that the system records every time a phone call is made in the jail. 
He said that every time a phone call is made there is a notice that the phone
call is recorded.  He identified CityTel as the company through which the
county contracts the system.  

Sergeant
Weatherby testified that the calls can be obtained by reference to a specific
telephone number or a specific area of the cells.  He indicated that the
recordings are kept in the regular course of business and are made at or near
the time the phone call is actually made.  With respect to the method of
storage, Sergeant Weatherby said that the recording is made on a device capable
of making an accurate recording if somebody else wanted to download it.

            Robin
Elizabeth Cleveland testified that she is the jail administrator for the Fisher
County Sheriff’s Office in Roby.  She indicated that, as part of her duties,
she is in charge of the operations of the phone systems.  Although only
recently assuming the job of jail administrator, Cleveland stated that she was
somewhat familiar with how the recording system in the jail works.  She related
that the phone system goes through a switch at the corporate office for Oliver
Company when the inmates have individual pin numbers.  She said there is one
phone that inmates have to share with their cellmates.  She confirmed that,
before each call is completed, the individual is advised that the phone call
may be monitored or recorded.  She affirmed that the calls are recorded
“through the Dallas office.”  

            Cleveland
testified that, once a call has been recorded, someone from Fisher County is
able to get access to the recordings.  She said they are accessed from the
internet through the Oliver Company.  She indicated that the calls, which are
recorded at the same time they are made, are made and kept in the normal course
of business.  She insisted that the recording system is set up so that it is
able to make an accurate recording of the phone call as it is being made.  She
said that, to her knowledge, the system had been working properly since January
2009. 

            Bill
Anderson testified that he is a detective with the Midland Police Department.  He
said that, with respect to a murder at a club called Pleasures, another
detective gave him a list of phone numbers related to suspects in custody.  He
indicated that he retrieved some of the phone calls from or to those numbers and
turned them over to the detective who had given him the numbers.  Detective Anderson
testified that he reviewed State’s Exhibit No. 142.  He indicated that the
excerpt he reviewed matched the CD that had his handwriting on it from the jail
phone calls he had downloaded.  He said he verified that by listening to the
original to make sure the excerpt was the same.  He stated that the voice on
the call is purported to be Chatman and a female.

            Sheldon
Johnson, a detective with the Midland Police Department, testified that he had
reviewed recordings marked as State’s Exhibits 140 and 141, which he had
received from the Fisher County Sheriff’s Office.  He stated that they were
excerpts of conversations between Chatman and other individuals.  He said they
were fair and accurate recordings of the excerpts “that are taken off.”  He
confirmed that nothing had been added to or removed from the statements
actually on the discs.  

            James
Timothy Braziel testified that he had known Chatman most of his life.  He said
that, upon listening to State’s Exhibit Nos. 140, 141, and 142, he was able to
identify the male voice on the CDs as Chatman and the female voice as Jasmine. 

            The
State offered the CDs as telephone conversations made by Chatman while he was
in the Fisher County and Midland County jails.  The evidence presented showed
that the CDs in question were telephone conversations between Chatman and a
female while he was in custody at the Fisher County jail and the Midland County
jail.  Evidence was presented indicating that they came from the respective
telephone systems, which produce accurate recordings.  We hold that State’s Exhibit
Nos. 140, 141, and 142 were sufficiently authenticated and identified and that
the trial court did not abuse its discretion in admitting them into evidence.

            Chatman
presents several bases for suggesting that the recordings were not properly
authenticated.  These include:  (1) Sergeant Sergeant Weatherby could not
identify the name of the company with whom the Midland County Sheriff’s
Department contracted at the time Chatman’s phone calls were recorded while
Chatman was in the Midland County jail; (2) no one from a company operating one
of the telephone systems testified; (3) Cleveland was not responsible for
either the operation or the maintenance of the telephone recording system
utilized to record jail inmate conversations and was not serving in the
capacity of jail administrator for the Fisher County jail at the time of
Chatman’s incarceration but was just a jail dispatcher; (4) no one testified as
to the factual accuracy of the recordings or the lack of changes, additions, or
deletions; and (5) the persons who testified in support of the admission of the
recordings were not custodians or other qualified witnesses as required by Texas
Rule of Evidence 803(6).

            With
respect to Chatman’s representation that no one testified as to the factual
accuracy of the recordings, we note that Cleveland testified that the Fisher
County jail recording system is set up so that it is able to make an accurate
recording of a phone call as it is being made and that, to her knowledge, the
system had been working properly since January 2009.  We find that Cleveland’s
employment capacity at the time the calls were made is irrelevant given the
fact that she was the jail administrator at the time of her testimony.  As
noted in Chatman’s brief, Sergeant Weatherby said the recordings in Midland
County are made on a device capable of making an accurate recording if somebody
else wanted to download it.  While Chatman suggests that this testimony should be
interpreted to mean that the system permitted accurate copies to be made, as opposed to testimony that the device itself was capable
of accurately recording the actual telephone conversations, we believe that the
jury could reasonably interpret Sergeant Weatherby’s testimony as meaning
that the device accurately recorded the telephone conversations.  

            We
also find that Chatman’s allegation that the authentication was not supported
by the custodian of the recordings or another qualified witness is unfounded. 
At the time of her testimony, Cleveland was the jail administrator for Fisher
County and was in charge of the operation of the phone system there.  Sergeant
Weatherby’s testimony indicated a familiarity with the Midland County phone
system.  We find him to be a qualified witness within the meaning of Rule
803(6).     

            Chatman
suggests that, in order to authenticate the calls, the State was obligated to
show that there had been no changes, additions, or deletions to the exhibits. 
He relies on a federal case, Pettiford v. City of Greensboro, 556 F. Supp.
2d 512 (M.D.N.C. 2008).  In that case, the court held that certain audiotapes
were inadmissible, noting that the proponent did not lay a sufficient foundation
for recognition of the speakers’ voices, that the source of the recordings and
the manner in which they were made were not indicated, and that their
preservation was not indicated to show that no changes, additions, and
deletions were made.  Id. at 532.  As authority, the district court cited
the case of United States v. Branch, 970 F.2d 1368 (4th Cir. 1992).  In Branch,
the court listed the factor of showing that no changes, additions, or deletions
have been made as one of the factors that, it said, are to provide guidance to
the trial court when called to make rulings on authentication issues, but the
court held that each of the factors need not be shown in every case.  Id. at
1371-72.  As noted in Branch, the issue is whether the testimony is sufficient
to show that the recordings are what the State claims them to be:  recordings
of conversations by Chatman while he awaited trial.  We hold that evidence to
be sufficient, despite any suggested lack of evidence relating to changes,
additions, or deletions.  We note that there is no evidence that there have
been any such changes, additions, or deletions.

            Inasmuch
as the evidence is sufficient to show that the recordings are what the State
represents them to be, we hold there is no requirement for testimony from a
representative of the company that operates the system for the county
involved.  We also do not find any requirement that a particular witness know
the name of the company that operated the system when the recordings were
made.  We overrule Chatman’s sole issue on  appeal.  

            The
judgment is affirmed.

                                                                                                PER
CURIAM

August 31, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]










[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.